# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR IBANEZ,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>T. FELKER, Warden,<br><br>　　　　　　　Respondent. | Civil No.　07cv1211-BEN (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS BE DENIED**<br><br>**[Doc. No. 10]** |

## I. INTRODUCTION

On July 2, 2007, Petitioner Julio Cesar Ibanez filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in the Superior Court of San Diego County, Case No. SCN152220. On October 2, 2007, Respondent filed a Motion to Dismiss arguing that the Petition is barred by the statute of limitations. After thorough review of the Petition, Respondent's Motion to Dismiss, Respondent's lodgments, and all other supporting documents, the Court finds that the Petition is not statutorily time-barred. Therefore, the Court recommends that Respondent's Motion to Dismiss be **DENIED.**

## II. PROCEDURAL BACKGROUND

**A.　Proceedings of Underlying Conviction**

Petitioner pled guilty in San Diego County Superior Court to one count of robbery (Cal. Penal Code § 211), one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), infliction of great bodily injury (Cal. Penal Code § 12022.7(a)), and personally using a deadly weapon (Cal. Penal Code § 12022(b)(1)). (Lodgment 1.)  Petitioner admitted to having one prior

1  serious felony conviction (Cal. Penal Code § § 667(a)(1), 668, 1192.7(c)) and having one prior strike

2  conviction (Cal. Penal Code § § 667(b)-(I), 1170.12, 668). (Lodgment 1.) The court sentenced

3  Petitioner to a stipulated 15 years in state prison. (Lodgment 1.)

4      On September 29, 2003, Petitioner filed a notice of appeal. (Lodgment 2.) On May 21,

5  2004, the California Court of Appeal, Fourth District, Division 1 affirmed the judgment of the trial

6  court in an unpublished opinion. (Lodgment 1; Lodgment 2.) On July 6, 2004, Petitioner sought

7  review by the California Supreme Court. (Lodgment 3.) The California Supreme Court denied

8  review on August 11, 2004. (Lodgment 3.)

9  **B.     State Habeas Petitions**

10      Prior to submitting the instant petition for writ of habeas corpus to this Court, Petitioner

11  engaged in three separate rounds of state petitions for writs of habeas corpus.

12      **1.     Round 1**

13      On May 17, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court

14  of Appeal, Fourth Appellate District, Division 1 (D046467). (Lodgment 4; Lodgment 11.) In this

15  petition, Petitioner made ineffective assistance of counsel claims against three attorneys: (1) his trial

16  attorney (Weston); (2) an attorney appointed to investigate Petitioner's plea agreement

17  (Rosenstock);[1] and (3) his appellate attorney (Crooks). (Lodgment 11.) On July 8, 2005, the court

18  denied this petition, based on Petitioner's failure to raise these claims at the trial court level and

19  Petitioner's failure to show that counsel was inadequate. (Lodgment 12).

20      **2.     Round 2**

21      After the denial of Petitioner's first state habeas petition, Petitioner began a second round of

22  petitions, beginning in California Superior Court.

23      On August 19, 2005, Petitioner filed a petition for writ of habeas corpus in the Superior

24  Court of San Diego (HCN815). (Lodgment 20). Petitioner asserted five grounds for relief: (1) that

25  new evidence regarding injuries to Plaintiff's hands proves that he could not have committed the

---

[1] Petitioner's ineffective assistance of counsel claim regarding Rosenstock relates to Petitioner's failed attempts to reverse his plea agreement. Rosenstock was appointed as counsel when Petitioner sought to reverse this agreement. Petitioner claims that counsel did not provide effective assistance in his duties. (Lodgment 11.)

alleged crimes, and that new evidence suggested the photo lineup used to identify Petitioner was unreliable; (2) that the plea agreement he entered into was illegal, based on Petitioner's repeated attempts to reverse it and under relevant California Penal Code; (3) ineffective assistance of counsel of Weston; (4) ineffective assistance of Rosenstock; and (5) ineffective assistance of Crooks.[2]  (Id.) On November 8, 2005, the Superior Court denied this petition, finding that the evidence presented by Petitioner was *not* new, and in any case, Petitioner's decision to plead guilty "obviates the necessity to establishing that he committed the crime charged." (Lodgment 21.)  The court did not address the illegality of the plea agreement or Petitioner's ineffective assistance of counsel claims.

On December 28, 2005, Petitioner filed a petition for writ of habeas corpus to the California Court of Appeal, Fourth Appellate District, Division One (D047760) alleging the same five claims as previously raised in Superior Court. (Lodgment 13.)  On March 2, 2006, the court denied the petition. (Lodgment 14.)  The court found that Petitioner had not presented any new evidence, and that Petitioner's pleading guilty to the crimes had obviated the necessity of evidence. (Id.)  With respect to Petitioner's claims regarding the legality of his plea agreement and ineffective assistance of counsel claims, the court held that Petitioner had already raised these claims unsuccessfully - the illegality of the plea agreement during his direct appeal and the ineffective assistance of counsel claims in a previous habeas petition to the court. (Id.)  Consequently, Petitioner was barred from raising these claims again. (Id.)

On March 23, 2006, Petitioner filed a petition for writ of habeas corpus to the California Supreme Court (S142176) raising the same five claims. (Lodgment 6; Lodgment 15.)  On June 27, 2006, the court granted Petitioner's request to withdraw the petition. (Lodgment 6.)  On August 8, 2006, Petitioner re-filed this petition to the California Supreme Court (S145703). (Lodgment 16.) The court denied this petition on February 21, 2007. (Lodgment 7.)  The California Supreme Court's denial of this petition concluded this round of petitions.

---

[2] This round of petitions therefore includes the claims asserted in Round 1, plus two additional claims. However, as later discussed, Petitioner's filing at a lower level nevertheless triggered a new round of review. See Delhomme v. Ramirez, 340 F.3d 817, 820 (9 th Cir. 2003)(holding that "each time a petitioner files a new habeas petition at the same or a lower level . . . [this petition] triggers an entirely separate round of review").

### 3. Round 3

While Petitioner's second round of petitions was proceeding, Petitioner commenced a third round asserting an entirely different claim.

Petitioner began this round on June 24, 2006, with a petition to the California Superior Court (HCN867).[3] (Lodgment 20.) In this petition, Petitioner alleged that his plea agreement - specifically, the amount of restitution he was ordered to pay - violated his Sixth and Eighth Amendment rights and California Penal Code. (Id.) On October 27, 2006, the court denied this petition, finding that the California Penal Code cited by Petitioner was not applicable at the time of his plea agreement. The court further held Petitioner had waived this claim by failing to include it in his previous petitions. (Id.)

On November 14, 2006, Petitioner filed a petition for writ of habeas corpus to the California Court of Appeal, Fourth Appellate District, Division 1 (D049776). (Lodgment 8; Lodgment 17.) This petition also alleged that Petitioner's plea agreement violated his Sixth and Eighth Amendment rights and California Penal Code. (Lodgment 17.) On March 15, 2007, the court denied this petition, finding that the plea agreement did not violate Petitioner's rights or California Penal Code. (Lodgment 18)

On March 26, 2007, Petitioner filed a petition for review to the California Supreme Court based on the Court of Appeal's denial (S151232). (Lodgment 8; Lodgment 19.) On May 9, 2007, the court denied this petition without comment. (Lodgment 9; Lodgment 17.) The Supreme Court's denial of this petition concluded Petitioner's third and final rounds of state petitions.

**C.    Federal Petition for Writ of Habeas Corpus**

On December 23, 2004, Petitioner filed a petition for writ of habeas corpus[4] in the United States District Court for the Southern District of California (04cv2564-W (AJB)). (Doc. No. 10 at 7.)

---

[3] Thus, with respect to Petitioner's second round of petitions, this round began while Petitioner's first petition to the California Supreme Court was pending and just before Petitioner withdrew this petition on June 27, 2006.

[4] Petitioner filed this federal petition prior to filing any state petitions.

1  On May 21, 2005, this Court ordered the petition dismissed without prejudice at the Petitioner's
2  request. (Doc. No. 10 at 7.)
3       On July 2, 2007, Petitioner filed the current petition for writ of habeas corpus in the United
4  States District Court for the Southern District of California. (Doc. No. 1, Petition.)  This petition
5  asserts six grounds for relief: (1) that new evidence regarding injuries to Petitioner's hands proves
6  that he could not have committed the alleged crimes, and that new evidence suggested the photo
7  lineup used to identify Petitioner was unreliable; (2) that the plea agreement he entered into was
8  illegal based on Petitioner's repeated attempts to undo it and under California Penal Code; (3)
9  ineffective assistance of counsel of Crook; (4) ineffective assistance of counsel of Rosenstock; (5)
10 ineffective assistance of counsel of Weston; and (6) that the plea agreement - specifically, the
11 restitution payment ordered by the court - violated his Sixth and Eighth Amendment rights.
12 (Petition, Part 1 at 14-36).[5]
13      On July 2, 2007, Petitioner filed a motion to proceed in forma pauperis, which this Court
14 granted on July 10, 2007. (Doc. Nos. 2 and 3.)  On October 2, 2007, after this Court granted
15 Respondent's request for an enlargement of time to file a response, Respondent filed a motion to
16 dismiss arguing that the Petition is barred by the expiration of the one-year statute of limitations.
17 (Doc. No. 10.)  Petitioner filed a "traverse"[6] to Respondent's motion to dismiss on October 15, 2007.
18 (Doc. No. 11.)

19 **III. DISCUSSION**

20     Respondent argues that the Petition is barred by the one-year statute of limitations applicable
21 to federal habeas petitions, and therefore should be dismissed. (Doc. No. 10.)
22     28 U.S.C. § 2244(d) provides for a one-year limitation period for state prisoners to file a
23 federal habeas petition in federal court providing, in pertinent part:

---

[5] Petitioner's claims to this Court constitute a convergence of the claims presented to the courts in Rounds 1, 2, and 3 of Petitioner's state habeas petitions.

[6] Although Petitioner entitles this document a "traverse," this Court interprets the document to be an Opposition to Respondent's Motion to Dismiss.

> (d)(1)  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d) (West Supp. 2004).

Sections (d)(1)(B)–(D) do not apply in Petitioner's case.  First, Petitioner's situation does not involve the removal of a State-created "impediment to filing an application."  28 U.S.C. § 2244(d)(1)(B).  Second, "the date on which the constitutional right [Petitioner asserts] was initially recognized by the Supreme Court" would not constitute the latest date in comparison to the date upon which judgment became final.  28 U.S.C. § 2244 (d)(1)(A) and (C).  Third, section 2244(d)(1)(D) does not apply because Petitioner does not assert that he was delayed in filing due to a lack of factual information that was later discovered.

Thus, the date from which the limitation period runs in this case is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a Petitioner fails to seek a writ of certiorari from the United States Supreme Court following a state court judgment, the judgment becomes final 90 days after the state court judgment.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In this case, the California Supreme Court denied Petitioner's petition for review on August 11, 2004.  (Lodgment 3.)  Petitioner did not seek a writ of certiorari from the United States Supreme Court.  Therefore, Petitioner's conviction became final after 90 days, on November 9, 2004.

Because the one-year statute of limitations is calculated according to Federal Rule of Civil Procedure 6(a), Petitioner's statute of limitations began running on November 10, 2004.  See

1 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1079

2 (9th Cir. 2003). Under Rule 6(a), the limitations period expired on November 9, 2005. See

3 Patterson, 251 F.3d at 1246. As noted above, Petitioner did not file his federal habeas petition until

4 July 2, 2007, more than one year after the statute of limitations had run. Therefore, the Petition is

5 time-barred unless: (1) the statutory tolling provision brings the Petition within the limitations

6 period, or (2) the doctrine of equitable tolling applies to extend the filing deadline.

**A.     Statutory Tolling**

The statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (West Supp. 2004).

While the statute of limitations is not tolled between the time the decision becomes final and the first state habeas petition is filed, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). As the Ninth Circuit stated in Delhomme v. Ramirez:

> Typically, a California petitioner brings a petition for writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court. The United States Supreme Court has held that applications for state post-conviction relief filed in this fashion will be deemed "pending" for purposes of 28 U.S.C. § 2244(d)(2), even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay.

340 F.3d 817, 818-19 (9th Cir. 2003) (citing Biggs v. Duncan, 339 F.3d 1045, 1046 (9th Cir. 2003)); see also Carey v. Saffold, 536 U.S. 214, 222 (2002).

Thus, petitioner's claims will be considered "pending" for purposes of 28 U.S.C. § 2244(d)(2) during the time between a denial of the petition at one level of state court and the filing of another petition at the next level of state court, provided that the petitioner does not engage in unreasonable delay. Delhomme, 340 F.3d at 818-19 (citing Biggs, 339 F.3d at 1046). While most states impose a statutory maximum number of days, usually between 30 and 60 days, in which to file

1  a timely appeal, California law only requires that an appeal be within a "reasonable" time.  Carey v.
2  Saffold, 536 U.S. 214, 222 (2002);  Evans v. Chavis, 546 U.S. 189, 191-92 (2006).  The United
3  States Supreme Court interprets California's "reasonableness" standard on the assumption that
4  California law did not "differ significantly from the laws of other States, i.e., that California's
5  'reasonable time' standard would not lead to filing delays substantially longer than those in States
6  with determinate timeliness rules."  Evans, 546 U.S. at 200;  Saffold, 536 U.S. at 222-23.
7  Considering the "short period[s] of time" that most states allow for filing an appeal, as well as other
8  short time limits imposed by California law, the United States Supreme Court held that an
9  unjustified six-month delay is unreasonable according to California law.  Evans, 546 U.S. at 201.
10  Additionally, "an unexplained delay of this magnitude" does not "fall within the scope of the federal
11  statutory word 'pending.'"  Id.;  see also, Saffold, 536 U.S. at 222-34; 28 U.S.C. § 2244(d)(2).

12       This tolling procedure is intended to give the petitioner "the opportunity to complete one full
13  round of review."  Delhomme, 340 F.3d at 821 n.3 (emphasis added) (citing Carey, 536 U.S. at 222).
14  A "new round of collateral review" begins "each time a petitioner files a new habeas petition at the
15  same or a lower level."  Id. at 820.  A petitioner's filing of additional petitions *during* a round of
16  review does not affect whether the petitions in that round are "pending."  Id. at 821 n.3.  Provided
17  that the petitioner proceed in his round of review in a timely manner, the round will remain
18  "pending" regardless of the filing of these overlapping petitions.  Id.  Thus, it is important that a
19  petitioner proceed through the appellate levels in ascending order during a round of review.  Id.

20       Statutory tolling does not apply to time gaps between the completion of one round of review
21  and the commencement of an additional round of review.  Biggs, 339 F.3d at 1048 (holding that a
22  petitioner is not entitled to statutory tolling for the time between the California Supreme Court's
23  final ruling and the commencement of a new round of petitions).  However, if an additional round of
24  review serves only as "an elaboration of the facts relating to the claims in the first petition," and the
25  state courts do not deem the petitions untimely, then the additional round will be construed as a
26  continuation of the first full round, and statutory tolling applies.  King v. Roe, 340 F.3d 821, 823
27  (9th Cir. 2003).

28

1    Additionally, the statute of limitations is not tolled by the filing of a federal petition for writ
2 of habeas corpus. Rhines v. Weber, 544 U.S. 269, 274-75 (2005).

**B.     Application to Petitioner's Filings**

Respondents claim that Petitioner is not saved by statutory tolling. (Doc. No. 10-2 at 5-6.) Respondents largely rely on an alleged six-month delay in Petitioner's state filings. (Doc. No. 10-2 at 5.) Respondents assert that this delay is "unreasonable" under California habeas law, and Petitioner is not entitled to statutory tolling for this period. (Id.) Accordingly, Petitioner's current petition was filed beyond the one-year statute of limitations. (Doc. No. 10-2 at 6.)

In his opposition, Petitioner agues that he had not engaged in any unreasonable delay in his state filings. (Doc. No. 11.) Petitioner also contends that he had indeed filed state petitions during Respondent's alleged six-month delay. (Doc. No. 11 at 3.) Petitioner claims he is therefore entitled to statutory tolling, and the federal petition was filed within the one-year statute of limitations. (Doc. No. 11 at 5-7.)

After a thorough investigation of the records, this Court finds that Petitioner filed a state petition during the six-month delay relied upon by Respondents. Respondent's assertion that Petitioner is not saved by statutory tolling based on this "unreasonable" delay is therefore without merit. This Court will examine Petitioner's state petitions for relief to determine if Petitioner's filings entitle him to statutory tolling, such that the instant petition is not barred by the one-year statute of limitations.

**1. No Statutory Tolling by First Federal Petition**

Petitioner's conviction became final on November 9, 2004. Before filing any state petitions for writs of habeas corpus, Petitioner first filed a federal petition to the United States District Court for the Southern District of California on December 23, 2004 (04cv0264-W). (Doc. No. 10 at 2.) This Court dismissed the petition at the Petitioner's request on May 21, 2005. Because the filing of a federal petition does not toll the statute of limitations, Petitioner is not entitled to statutory tolling for the time between the date of final conviction and the filing of the federal petition, or between the date of filing and the Court's dismissal of the petition. See Id.

**2. Statutory Tolling During Round 1**

On May 17, 2005, Petitioner commenced his first round of state petitions, filing his first state petition for writ of habeas corpus in the California Court of Appeal (D046467). (Lodgment 4.) Petitioner is not entitled to statutory tolling for the time between November 9, 2004, the date of final judgment, and May 17, 2005, the filing of this first state petition to the Court of Appeal. Thus 189 days had run, and Petitioner had 176 days left before the expiration of the one-year statute of limitations.

The statute of limitations was tolled from May 17, 2005, to July 8, 2005, when the California Court of Appeal denied the petition for writ of habeas corpus. (Lodgment 4.) Thus, 176 days still remained before the expiration of the statute of limitations.

**3.  Statutory Tolling During Round 2**

On August 19, 2005, Petitioner filed his second state petition in California Superior Court (HCN815). (Lodgment 20.) This petition was filed at a lower level than that of Petitioner's first state petition. The claims raised in this petition did not constitute an elaboration of the facts relating to the claims raised in his previous petition. Thus, this filing commences a separate round of review. See Biggs, 339 F.3d at 1048; King, 340 F.3d at 823. As previously discussed, Petitioner is not entitled to the time gap of 42 days between these separate rounds of review, between July 8, 2005 and August 19, 2005. Accordingly, 134 remained before the expiration of the one-year statute of limitations.

Petitioner completed this round of review, moving through the state courts in ascending order. The longest time gap between petitions in this round was 50 days. These delays are reasonable, in light of the United States Supreme Court's interpretation of California's habeas law.[7] Petitioner is therefore entitled to statutory tolling until he completed this round of review.

 Tolling for this round of review stopped on February 21, 2007, the date on which the California Supreme Court's denial of the petition for review became final. See Cal.Rules of Court, Rule 8.532(b)(2)(A) (West 2008). Generally, the statute of limitations would start running on

---

[7] In Evans v. Chavis, 546 U.S. 189, 191-92 (2006), and Carey v. Saffold, 536 U.S. 214, 222 (2002), the United States Supreme Court proceeded on the assumption that California's "reasonableness" standard in which to appeal petitions was not significantly different from the determinate time limits of other states, which range from 30 to 60 days.

1  February 22, 2007, the day after the statutory tolling ceased.  However, the statute of limitations
2  continued to be tolled by an overlapping third round of petitions, which were pending at this time.
3          **4.  Statutory Tolling During Round 3**
4      While Petitioner had a petition pending in the California Supreme Court during Round 2 of
5  his petitions, Petitioner filed a petition in California Superior Court on June 24, 2006 (HCN867).
6  (Lodgment 20.)  This petition was filed at a lower level than Petitioner's immediately preceding
7  petition to the California Supreme Court, and did not constitute an elaboration of the facts relating to
8  the claims raised in his previous petition. While the filing of this petition did not affect Petitioner's
9  already-pending Round 2 petitions, the filing of this petition commences a new, separate round of
10 review.  See Delhomme, 340 F.3d at 821 n.3.
11     Petitioner pursued this round of review through the state courts in ascending order.  The
12 longest time gap between the petitions in this round was 18 days.  These delays are also reasonable
13 in light of the United States Supreme Court's interpretation of California's habeas law.
14     Statutory tolling for Round 3 stopped on May 9, 2007, the date of the California Supreme
15 Court's denial of the petition. (Lodgment 9.)  The statute of limitations began to run again the next
16 day, on May 10, 2007.
17     As of this point, Petitioner had 134 days, or until September 20, 2007, in which to file a
18 federal petition for writ of habeas corpus within AEDPA's one-year statute of limitations.  Petitioner
19 filed his federal petition on July 2, 2007, 80 days before the expiration of the statute of limitations.
20 Petitioner is therefore saved by statutory tolling, and his petition is not statutorily time-barred.
21 **C.**      **Equitable Tolling**
22     This Court finds that Petitioner is saved by statutory tolling.  An analysis of Petitioner's
23 entitlement to equitable tolling is therefore unnecessary.
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, the Court finds that the Petition is saved by statutory tolling, and is not time-barred under the one-year statute of limitations. Therefore, this Court recommends that Respondent's Motion to Dismiss be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

Any party may file written objections with the Court and serve a copy on all parties on or before **August 20, 2008.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed **no later than ten days upon receipt of the objections**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 1, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Roger T. Benitez
        all parties