1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12

JULIO CESAR IBANEZ,

Civil No.    07cv1211-BEN (POR)

13

                              Petitioner,

**PROPOSED FINDING OF FACT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DENIED**

14

v.

15
16

T. FELKER, Warden,

**[Document No. 1]**

17
18

                              Respondent.

19
20

**I. INTRODUCTION**

21

        On July 2, 2007, Petitioner Julio Cesar Ibanez filed a Petition for Writ of Habeas Corpus

22

("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in the Superior Court of San

23

Diego County, Case No. SCN152220.  (Doc. 1.)  On October 2, 2007, Respondent filed a Motion to

24

Dismiss arguing the Petition is untimely.  (Doc. 10.)  This Court denied Respondent's Motion to

25

Dismiss on August 26, 2008.  (Doc. 18.)  On February 4, 2009, Respondent filed a Response to

26

Petitioner's Petition.  (Doc. 22.)  Petitioner filed his Traverse on February 4, 2009.  (Doc. 25.)

27

        This Court has reviewed the Petition (Doc. 1), Respondent's Answer (Doc. 22), Petitioner's

28

Traverse (Doc. 25), and all supporting documents.  After a thorough review, this Court finds

1   Petitioner is not entitled to the relief requested and RECOMMENDS the Petition be DENIED.

2   ## II. PROCEDURAL BACKGROUND

3   **A.      Proceedings of Underlying Conviction**

4     Petitioner pleaded guilty in San Diego County Superior Court to one count of robbery (Cal.

5   Penal Code § 211), one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)),

6   infliction of great bodily injury (Cal. Penal Code § 12022.7(a)), and use of a deadly weapon (Cal.

7   Penal Code § 12022(b)(1)).  (Lodgment 1.)  Petitioner admitted having one prior serious felony

8   conviction (Cal. Penal Code § 667(a)(1), 668, 1192.7(c)) and having one prior strike conviction

9   (Cal. Penal Code section § 667(b)-(I), 1170.12, 668).  (Lodgment 1.)  The court sentenced Petitioner

10  to a stipulated 15 years in state prison.  (Lodgment 1.)

11    On September 29, 2003, Petitioner filed a notice of appeal.  (Lodgment 2.)  On May 21,

12  2004, the California Court of Appeal, Fourth District, Division 1, affirmed the trial court's judgment

13  in an unpublished opinion.  (Lodgment 1; Lodgment 2.)  On July 6, 2004, Petitioner sought review

14  by the California Supreme Court.  (Lodgment 3.)  The California Supreme Court denied review on

15  August 11, 2004.  (Lodgment 3.)

16  **B.      State Habeas Petitions**

17    Prior to submitting his Petition to this Court, Petitioner filed three rounds of state habeas

18  corpus petitions.

19    ***1.      Round 1***

20    On May 17, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court

21  of Appeal, Fourth Appellate District, Division 1 (D046467).  (Lodgment 4; Lodgment 11.)

22  Petitioner claimed he received ineffective assistance of counsel from three attorneys: (1) his trial

23  attorney (Weston); (2) an attorney appointed to investigate Petitioner's plea agreement

24  (Rosenstock);[1] and (3) his appellate attorney (Crooks).  (Lodgment 11.)  On July 8, 2005, the Court

25  of Appeal denied this petition based on Petitioner's failure to raise these claims at the trial court

26  level and Petitioner's failure to show that counsel was inadequate.  (Lodgment 12.)

27    

28    [1] Petitioner's ineffective assistance of counsel claim against Rosenstock relates to Petitioner's failed attempts to reverse his plea agreement.  Rosenstock was appointed as counsel when Petitioner sought to reverse this agreement.  Petitioner claims that counsel did not provide effective assistance in his duties.  (Lodgment 11.)

**2.     Round 2**

On August 19, 2005, Petitioner filed a petition for writ of habeas corpus in the Superior Court of San Diego (HCN815).  (Lodgment 20.)  Petitioner asserted five grounds for relief: (1) new evidence regarding injuries to his right hand proved that he could not have committed the alleged crimes, and new evidence suggested the photo lineup used to identify Petitioner was unreliable; (2) the plea agreement he entered into was illegal based on Petitioner's repeated attempts to withdraw his guilty plea and under relevant California Penal Code § 1192.7; (3) ineffective assistance of counsel of Weston; (4) ineffective assistance of counsel of Rosenstock; and (5) ineffective assistance of counsel of Crooks.  (Id.)  On November 8, 2005, the Superior Court denied the petition, finding the evidence presented by Petitioner was *not* new and Petitioner's decision to plead guilty "obviate[d] the procedural necessity of establishing that he committed the crime charged."  (Lodgment 21.)  The state court did not address the illegality of the plea agreement or Petitioner's ineffective assistance of counsel claims.

On December 28, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division 1 (D047760), asserting the five claims raised in Superior Court.  (Lodgment 13.)  On March 2, 2006, the court denied the petition.  (Lodgment 14.)  The court found Petitioner had not presented any new evidence, and Petitioner's guilty plea eliminated the necessity of evidence.  (Id.)  Furthermore, the court held Petitioner had already raised the illegality of the plea agreement and ineffective assistance of counsel claims unsuccessfully.[2]  (Id.)  Consequently, Petitioner was barred from raising these claims again.  (Id.)

On March 23, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court (S142176) raising the same five claims.  (Lodgment 6; Lodgment 15.)  On June 27, 2006, the court granted Petitioner's request to withdraw the petition.  (Lodgment 6.)  On August 8, 2006, Petitioner re-filed this petition in the California Supreme Court (S145703).  (Lodgment 16.)  The court denied this petition on February 21, 2007, concluding Petitioner's second round of state habeas petitions.  (Lodgment 7.)

---

[2]  The illegality of the plea agreement was raised during direct appeal and the ineffective assistance of counsel claims were brought in the previous habeas petition to the court.  (Lodgement 14.)

***3.      Round 3***

Prior to the conclusion of Petitioner's second round of petitions, Petitioner commenced a third round of habeas petitions asserting a new claim that his plea agreement violated his Sixth and Eighth Amendment rights.

On June 24, 2006, Petitioner filed a third habeas petition in California Superior Court (HCN867).  (Lodgment 20.)  In this petition, Petitioner argued his plea agreement violated his Sixth and Eighth Amendment rights and California Penal Code § 1192.7.  (Id.)  On October 27, 2006, the California Superior Court denied this petition.  The Court found the California Penal Code section 1192.7 cited by Petitioner was not applicable at the time of his plea agreement and that Petitioner waived this claim by failing to include it in his previous petitions.  (Id.)

On November 14, 2006, Petitioner filed a petition for writ of habeas corpus to the California Court of Appeal, Fourth Appellate District, Division 1 (D049776).  (Lodgment 8; Lodgment 17.)  Petitioner again claimed his plea agreement violated his Sixth and Eighth Amendment rights and California Penal Code section 1192.7.  (Lodgment 17.)  On March 15, 2007, the court denied this petition. (Lodgment 18.)

On March 26, 2007, Petitioner filed a petition for review to the California Supreme Court based on the Court of Appeal's denial (S151232).  (Lodgment 8; Lodgment 19.)  On May 9, 2007, the court denied this petition without comment.  (Lodgment 9; Lodgment 17.)

**C.      Federal Petition for Writ of Habeas Corpus**

On December 23, 2004, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of California (04cv2564-W (AJB)).[3]  (Doc. 10 at 7.)  On May 21, 2005, this Court denied the petition without prejudice at the Petitioner's request.  (Doc. 10 at 7.)

On July 2, 2007, Petitioner filed the current Petition in the United States District Court for the Southern District of California.  (Petition)  Petitioner asserts six grounds for relief: (1) new evidence showing injuries to Petitioner's hands proves he could not have committed the alleged crimes, and new evidence suggests the photo lineup used to identify Petitioner was impermissibly

---

[3]  Petitioner filed this federal petition prior to filing any state petitions.

suggestive; (2) the plea agreement he entered into was illegal based on Petitioner's repeated attempts to withdraw the plea and under California Penal Code § 1192.7; (3) ineffective assistance of counsel of Crook; (4) ineffective assistance of counsel of Rosenstock; (5) ineffective assistance of counsel of Weston; and (6) the restitution fine imposed by the trial court violated his Sixth and Eighth Amendment rights.  (Petition, Part 1 at 14-36.)

On July 2, 2007, Petitioner filed a Motion to Proceed In forma Pauperis, which this Court granted on July 10, 2007.  (Doc. 2, 3.)  On October 2, 2007, Respondent filed a Motion to Dismiss arguing the Petition is barred by Title 28, United States Code, § 2244(d), which provides a one-year statute of limitations for filing a federal habeas petition.  (Doc. 10.)  Petitioner filed an opposition to Respondent's Motion to Dismiss on October 15, 2007.  (Doc. 11.)  On August 26, 2008, this Court denied Respondent's Motion to Dismiss.  (Doc. 18.)

On February 4, 2009, Respondent filed an Answer to the Petition.  (Doc. 22.)  Petitioner filed his Traverse on March 5, 2009.  (Doc. 25.)

### III. STATEMENT OF FACTS

The following facts are taken from the California Court of Appeal opinion in People v. Ibanez, No. D042978 (Cal. Ct. App. 4th Dist. Div. 1, Aug. 11, 2004).  (Lodgement 1.)  The Court presumes these factual determinations are correct pursuant to 28 U.S.C. §2254(e)(1).  See Tinsley v. Borg, 895 F.2d 520, 524-26 (9th Cir. 1990) (stating that factual findings of both state trial and state appellate courts are entitled to presumption of correctness on federal habeas corpus review); Parke v. Raley, 506 U.S. 20, 26 (1992); Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to findings of both state trial and appellate courts).

> According to the victim, Greg Williams, on September 20, 2002, Ibanez stabbed Williams in a park in Vista. Williams and Ibanez had fought approximately six months earlier, and Williams believed Ibanez did not like him. Williams sustained a stab wound to the back and another in the pelvis. On September 22, a man identified as Ibanez demanded Pedro Nunez's wallet while holding a knife. Nunez yielded his wallet, and the man stabbed him in the back.

(Lodgement 1 at 1.)

# IV. STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  As amended, the AEDPA now reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C.A. § 2254(d) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 403 (2000).  With regard to § 2254(d)(1), the threshold question is whether the rule of law was clearly established at the time petitioner's state court conviction became final.  Id. at 406.  Clearly established federal law, as determined by the Supreme Court of the United States "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 71 (2003).  However, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).  Only after the clearly established federal law is identified can the court determine whether the state court's application of that law "resulted in a decision that was contrary to, or involved an unreasonable application of" that clearly established federal law.  See Lockyer, 538 U.S. at 71-72.

//

A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Under Williams, an application of federal law is unreasonable only if it is "objectively unreasonable." Id. at 409.

Further, with regard to § 2254(d)(2), a state court's decision results in a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding" if it "is so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997) (citations omitted).

A federal habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable claim pursuant to § 2254. A state's interpretation of its laws or rules provides no basis for federal habeas corpus relief when no federal constitutional question arises. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (stating that federal habeas corpus relief does not lie for errors of state law, and federal courts may not reexamine state court determinations on state law issues). Habeas corpus proceedings under § 2254 measure state convictions against federal constitutional requirements applicable to the states. A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas courts must respect state court's application of state law); Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990) (federal courts have no authority to review state's application of state law). Instead, federal courts may only intervene in state judicial proceedings to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to level of

1  constitutional violation).

2      Where there is no reasoned decision from the state's highest court, the Court "looks through"

3  to the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  A

4  state court need not cite Supreme Court precedent when resolving a habeas corpus claim.  Early v.

5  Packer, 537 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the result of the state-court

6  decision contradicts [Supreme Court precedent]," the state court decision will not be "contrary to"

7  clearly established federal law.  Id.  If a state court fails to provide a reasoning for its decision,

8  habeas review is not de novo, but requires an independent review of the record to assess whether the

9  state court erred in its application of controlling federal law.  Delgado v. Lewis, 223 F.3d 976, 982

10  (9th Cir. 2000).

11                                **V. DISCUSSION**

12      The instant Petition raises six grounds for relief: (1) new evidence regarding injuries to

13  Petitioner's hands proves he could not have committed the alleged crimes, and new evidence

14  suggests the photo lineup used to identify Petitioner was impermissibly suggestive; (2) the plea

15  agreement he entered into was illegal based on Petitioner's repeated attempts to withdraw the plea

16  and under California Penal Code § 1192.7; (3) ineffective assistance of counsel of Crook; (4)

17  ineffective assistance of counsel of Rosenstock; (5) ineffective assistance of counsel of Weston; and

18  (6) the restitution payment ordered by the trial court violated his Sixth and Eighth Amendment

19  rights.  (Petition, Part 1 at 14-36.)

20  **A.    Newly Discovered Evidence**

21      Petitioner asserts new evidence proves: (1) due to injuries to Petitioner's hands, he would

22  have been unable to commit the stabbing; and (2) the photo lineup used to identify Petitioner was

23  impermissibly suggestive.  (Petition, Part 1 at 1-10.)

24      First, Petitioner claims an injury he sustained to his right hand approximately one day prior

25  to the alleged stabbing proves he could not have committed the crime.  (Petition, Part 1 at 2-3.)

26  Petitioner states on November 21, 2002, while working in his garage, a heavy tool box fell on his

27  right hand.  (Id. at 2.)  Due to the injury, Petitioner was taken to the hospital and treated.  (Id. at 2,

28  Exhibit I.)  Petitioner claims while his hand was not broken, he was prescribed the same treatment

1   given to patients with broken hands.  (Id. at 2-3, Exhibit II (detailing treatment prescribed Petitioner

2   when he broke his left hand on a previous occasion.))  Petitioner suggests the injury sustained to his

3   right hand proves he would have been physically incapable of holding the weapon used to stab the

4   victim.  (Id. at 1-4.)

5        Second, Petitioner argues the photo lineup used to identify Petitioner was impermissibly

6   suggestive because his street alias, "Kalaka," was written above his photograph prior to the lineup

7   and identification.  (Petition at Exhibit III.)  Williams, the stabbing victim, identified Petitioner in a

8   photo lineup on September 30, 2002.  (Id. at 9.)  Petitioner asserts prior to the photo lineup,

9   Williams asked residents in the neighborhood where the stabbing took place to help him identify the

10  stabber.  (Id.)  An unidentified man told Williams he was stabbed by "Kalaka."  (Id.)  Petitioner

11  contends the photo lineup was suggestive and supported Petitioner's identification regardless of

12  Williams' personal observations.  (Id.)  Additionally, Petitioner claims the photograph used in the

13  photo lineup was impermissible because it was not taken upon his arrest, rather, it was a personal

14  photograph taken from Petitioner's home.  (Id. at 8-10.)

15       Respondent contends "Ibanez cannot establish that the state courts' rejection of his claim was

16  unreasonable under 28 U.S.C. § 2254(d)."  (Doc. 22 at 5.)

17       Under § 2254(e)(1):  "[A] determination of a factual issue made by a State court shall be

18  presumed to be correct."  28 U.S.C.A. § 2254(e)(1) (West 2006).  A state's interpretation of its laws

19  or rules does not provide a basis for federal habeas corpus relief when no federal constitutional

20  question arises.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Nevertheless, the Ninth Circuit has

21  indicated state laws can give rise to liberty interests cognizable on federal habeas, and that a federal

22  due process violation can arise from arbitrary rulings.  See Fetterly v. Paskett, 997 F.2d 1295, 1300

23  (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a

24  liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state,

25  [and] Ninth Circuit precedent generally supports this proposition."), citing Ballard v. Estelle, 937

26  F.2d 453 (9th Cir. 1991).

27       Clearly established Supreme Court precedent provides a counseled guilty plea "is an

28  admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes

the issue of factual guilt from the case." <u>Menna v. New York</u>, 423 U.S. 61, 63 (1975).  By entering

a guilty plea the defendant "forgoes not only a fair trial, but also other accompanying constitutional

guarantees." <u>United States v. Ruiz</u>, 536 U.S. 622, 628 (2002) citing <u>Boykin v. Alabama</u>, 395 U.S.

238, 243 (1969) (pleading guilty implicates the Fifth Amendment privilege against self-

incrimination, the Sixth Amendment right to confront one's accusers, and the Sixth Amendment

right to trial by jury).  Furthermore, a guilty plea precludes the defendant from raising independent

claims "relating to the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).  <u>See generally</u> <u>United States v. Garcia-

Valenzuela</u>, 232 F.3d 1003 (9th Cir. 2000) (explaining while federal courts of appeals found

exceptions to the general rule, including claims of vindictive prosecution, double jeopardy and

unconstitutional statutes, <u>Tollett v. Henderson</u> establishes guilty pleas effectively waive independent

claims of prior constitutional error).  In clarifying the law established in <u>Tollett</u>, the Supreme Court

stated:

> In most cases, factual guilt is a sufficient basis for the State's imposition of
> punishment. A guilty plea, therefore, simply renders irrelevant those constitutional
> violations not logically inconsistent with the valid establishment of factual guilt and
> which do not stand in the way of conviction if factual guilt is validly established.

<u>Menna</u>, 423 U.S. at 63 n. 2.

In the last reasoned state court decision, the Court of Appeal held the Petitioner's guilty plea

eliminated the procedural necessity of proving through admissible evidence that the Petitioner

committed the crime charged.  (Lodgement 14 at 1.)  Specifically the Court of Appeal held:

> Petitioner contends he has newly discovered evidence that he injured his had before
> the time of the assault to which he pleaded guilty and this injury made him incapable
> of committing the crime.  He also argues the photo lineup was impermissibly
> suggestive...

> The evidence of petitioner's hand injury does not qualify as newly discovered
> evidence.  Petitioner would have known he had a hand injury at the time he pleaded
> guilty to the assault.  (See In Hall (1981) 30 Cal.3d 408, 420.)  The identification
> evidence is also not newly discovered evidence and, moreover, his guilty plea
> "obviat[ed] the procedural necessity of establishing that he committed the  crime
> charged."(People v. Gonzalez (1993) Cal.App. 4th 707, 714.)

(Lodgement 14 at 1.)

Petitioner fails to demonstrate the Court of Appeal's decision based on his guilty plea and the

photographic lineup did not support his conviction, was contrary to or an unreasonable application

of clearly established federal law, or an unreasonable determination of the facts.  (Petition, Part I.)

The Court of Appeal applied the facts in the record, including the Petitioner's guilty plea, to state

law and determined Petitioner was not entitled to admit evidence of an alleged hand injury or

suggestive photo lineup which was available at the time of trial and such evidence does not provide

a basis for relief even if admitted.  (Lodgement 14.)  Thus, the appellate court's decision is

reasonably consistent with federal law, which states a defendant is not "permitted to disown his

solemn admissions in open court that he committed the act with which he is charged simply because

it later develops that the State would have had a weaker case then the defendant thought . . ."  Brady

v. United States, 397 U.S. 792, 756 (1970).

Based thereon, the Court finds the Court of Appeal reasonably determined the guilty plea

obviated the necessity of further evidence, and therefore, the failure to grant habeas did not render

the trial so fundamentally unfair as to violate federal due process.  Tollett, 411 U.S. at 267.

Accordingly, this Court RECOMMENDS the Petition be DENIED as to the first ground for relief.

**B.      Petitioner's Guilty Plea**

Petitioner contends his guilty plea violated California Penal Code § 1192.7 rendering it

illegal and in violation of his due process rights.  (Petition, Part II at 12.)

Respondent argues Petitioner's claim is procedurally barred due to Petitioner's failure to

challenge the legality of his plea in the trial court.  (Doc. 22 at 6.)  However, even if Petitioner's

claim is not procedurally barred, Respondent contends Petitioner has nevertheless failed to present a

federal question.  (Id.)

***1. Procedural Default***

A state procedural default arises from the "adequate and independent state law doctrine,"

which provides the United States Supreme Court lacks jurisdiction to review a judgment of a state

court "which rests on a state law ground that is independent of the federal question and adequate to

support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  On direct review of a

state court judgment, the resolution of a federal claim would not affect a judgment which rests on a

state ground independent of the federal claim.  Id.  The Supreme Court would, in effect, be issuing

an advisory opinion on the federal claim, something the Court lacks jurisdiction to do.  Id.

//

1

2    The "adequate and independent" doctrine has been extended to federal habeas actions.  <u>See</u>

3    <u>e.g.</u>, <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989).  Although a federal habeas court may not review a

4    judgment of a state court, it may decide whether a state prisoner is in custody in violation of the

5    Constitution or laws of the United States.  <u>Coleman</u>, 501 U.S. at 729-30.  When the "adequate and

6    independent ground" for a state court's rejection of a federal claim involves a violation of state

7    procedural requirements, a habeas petitioner has procedurally defaulted his claim, and this Court

8    cannot reach the merits of the federal claim.  <u>Id.</u>  To do so would allow a habeas petitioner to avoid

9    the limitation on direct review by the Supreme Court, avoid the habeas exhaustion requirement, and

10   undercut "the States' interest in correcting their own mistakes."  <u>Id.</u> at 730-32.

11   A procedural default bars consideration of a federal claim when the last state court rendering

12   a judgement in the case "clearly and expressly" states its judgement rests on a state procedural bar.

13   <u>See</u> <u>Harris</u>, 489 U.S. at 263 (quoting <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985), quoting

14   <u>Michigan v. Long</u>, 463 U.S. 1032, 1041 (1983)).  Under the <u>Long</u> approach, when the state court

15   discusses the merits of the case, "[i]f the state court decision indicates clearly and expressly that it is

16   alternatively [barred] based on bona fide separate, adequate, and independent grounds," the Court

17   will not review the state decision.  <u>Michigan v. Long</u>, 463 U.S. 1032, 1041 (1983).  Furthermore,

18   unless the petitioner can show "'cause' for the default and 'prejudice attributable thereto,' or

19   demonstrate a failure to consider the federal claim will result in a 'fundamental miscarriage of

20   justice'" the state procedural default precludes any federal review.  <u>Harris</u>, 489 U.S. at 262.  "This

21   approach obviates in most instances the need to examine state law in order to decide the nature of

22   the state court decision, and will at the same time avoid the danger of our rendering advisory

23   opinions."  <u>Long</u>, 463 U.S. at 1041.

24   Because procedural default is an affirmative defense, the state must initially plead procedural

25   default.  <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003).  Once the state has asserted the

26   existence of an adequate and independent state procedural ground as an affirmative defense, the

27   burden shifts to the petitioner who must place this defense at issue by "asserting specific factual

28   allegations that demonstrate the inadequacy of the state procedure, including citation to authority

demonstrating inconsistent application of the rule." Id. at 586.  If the petitioner meets his burden to place the defense at issue, the ultimate burden to demonstrate the adequacy of a state procedural bar is on the State.  Id.

Here, the last reasoned state court decision clearly and expressly states denial of the claim rests on a state procedural bar.  (Lodgement 1.)  The court stated:

> Section 1192.7, subdivision (a) prohibits the court from approving a plea bargain when a serious felony is charged unless there is insufficient evidence to prove the People's case, the testimony of a material witness cannot be obtained, or dismissal of a charge or charges will not result in a substantial change in sentence. Ibanez argues the plea bargain here violates section 1192 .7, subdivision (a) and is therefore void, because he was charged with serious felonies and the charges were plea-bargained in the absence of any exception to the statutory prohibition. Since this issue was not raised in the trial court, the record contains no information as to whether substantial evidence supported the charges or whether the testimony of a material witness could not be obtained. Having not raised the issue in the trial court, Ibanez cannot raise the issue for the first time on appeal. (See People v. Brawley, 1 Cal. 3d 277, 294 (Cal. 1969); People v. Webb, 186 Cal.App. 3d 401, 410 (1986).

(Lodgement 1.)

Respondent asserts the state appellate court's finding of waiver constitutes an adequate and independent state bar, precluding federal habeas review.  (Doc. 22 at 6.)  The Ninth Circuit has recognized and applied California's contemporaneous objection rule, under which a defendant must make an objection at trial in order to preserve a claim on appeal, as grounds for denying a federal habeas claim under the doctrine of procedural default.  See Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999); Coleman, 501 U.S. at 747.  See e.g., Paulino v. Castro, 371 F.3d 1083, 1092-1093 (9th Cir. 2004).  Moreover, under Harris, a federal habeas court may not evaluate the merits of a claim where the state court "'clearly and expressly' states its judgement rests on a state procedural bar." Harris, 489 U.S. at 263.  Accordingly, the Court finds Respondent has met his burden and therefore, the burden shifts to Petitioner to place this affirmative defense at issue.  Bennett, 322 F.3d at 586.

Petitioner has not argued the state procedural bar is inadequate or inconsistently applied. (Doc. 25 at 3-4.)  Petitioner has cited no authority and no factual allegations to rebut Respondent's procedural default defense.  (Id.)  Petitioner has not "assert[ed] specific factual allegations that

demonstrate the inadequacy of the state procedure, including citation to authority demonstrating

inconsistent application of the rule" and thereby has not met his burden under Bennett.  322 F.3d at

586.  Petitioner has also failed to show  "'cause' for the default and 'prejudice attributable thereto,'

or demonstrate a failure to consider the federal claim [would] result in a 'fundamental miscarriage of

justice.'"  Harris, 489 U.S. at 262.  See Coleman, 501 U.S. at 748; Vansickel, 166 F.3d at 957-58.

Here, the state court of appeal "clearly and expressly" held  "[h]aving not raised the issue in the trial

court, Ibanez cannot raise the issue for the first time on appeal."  (Lodgement 1 at 1.)  Thus, the state

court's decision based on a state procedural bar precludes federal review.  Accordingly, this Court

may not review the merits of this claim and RECOMMENDS the Petition be DENIED as to

Petitioner's second ground for relief.

**C.      Ineffective Assistance of Counsel**

Petitioner claims his trial counsel, Weston and Rosenstock, and his appellate counsel, Crook,

provided ineffective assistance of counsel.  (Petition, Part V, IV, III.)  Respondent contends the

appellate court, in the last reasoned decision on the issue, correctly applied the Strickland standard

and properly denied Petitioner's claim.  (Doc. 22 at 7-9.)  Furthermore, Respondent argues Petitioner

is unable to establish the state court's rejection of his claim was unreasonable under 28 U.S.C. §

2254(d).  (Id.)

*1. Clearly Established Supreme Court Law– The Strickland Standard*

The United States Supreme Court has recognized the Sixth Amendment right to counsel

exists in order to protect the fundamental right to a fair trial.  Gideon v. Wainwright, 372 U.S. 335

(1963); Johnson v. Zerbst, 304 U.S. 458 (1938); Powell v. Alabama, 287 U.S. 45, 53 (1932).  In

addition, the Supreme Court has held "the right to counsel is the right to effective assistance of

counsel."  McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970).

Habeas corpus petitions asserting ineffective assistance of counsel are governed by the

clearly established federal law presented in Strickland v. Washington, 466 U.S. 668, 686 (1984).

See Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996) (stating Strickland "has long been clearly

established federal law determined by the Supreme Court of the United States").  To establish a

cognizable claim for ineffective assistance of counsel, Petitioner must prove "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.  Under Strickland, Petitioner must make two showings in order to justify issuance of the writ of habeas corpus.  Id. at 688.  First, Petitioner must show incompetence of counsel.  Id. Second, Petitioner must show prejudice caused by counsel's incompetence.  Id.

First, the petitioner must show incompetence of counsel– mainly that counsel's performance was deficient.  Strickland, 446 U.S. at 687.  Accordingly, a petitioner is required to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  The petitioner may also establish incompetency by showing counsel's performance fell below an objective standard of reasonableness.  Id. at 688. Furthermore, where the ineffective assistance of counsel claim is based on appellate counsel's failure to raise viable issues, the petitioner must show the "ignored issues [were] clearly stronger than those presented."  Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).)  However, judicial scrutiny of counsel's performance should be highly deferential.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  Id. at 686-687.

Second, the petitioner must show counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.  Prejudice is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  For relief on claims of ineffective assistance of appellate counsel, the petitioner must demonstrate he would have prevailed on appeal, absent counsel's errors.  Robbins, 528 U.S. at 285 (2000) (citing Smith v. Murray, 477 U.S. 527, 535-36 (1986)).  Furthermore, "[o]nly those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

1   Federal habeas courts must defer to "state court findings of fact made in the course of

2   deciding an ineffectiveness claim." Strickland, 466 U.S. at 698.  Thus, a federal habeas petitioner

3   must:

4       . . . do more than show that he would have satisfied Strickland's test if his claim were
        being analyzed in the first instance, because under § 2254(d)(1), it is not enough to
5       convince a federal habeas court that, in its independent judgment, the state-court
        decision applied Strickland incorrectly.
6

7    Bell v. Cone, 535 U.S. 685, 688 (2002); See Williams v. Taylor, 529 U.S. 362, 411 (2000).

8   Petitioner must prove the state court "applied Strickland to the facts of his case in an objectively

9   unreasonable manner." Bell, 535 U.S. 699; 28 U.S.C. § 2254(d)(1).

10      On federal habeas corpus review, the federal court must only determine whether the state

11  court decision involved an unreasonable application of the clearly established federal law.  See

12  Lockyer, 538 U.S. at 71-72.

13      *2. Procedural Background– State Appellate Court Decision on Habeas Corpus Petition*

14

15      Petitioner presented three almost identical ineffective assistance of counsel claims to the

16  California Court of Appeal upon petition for habeas corpus.[4]  (Lodgement 11.)  In the last reasoned

17  decision on the issues, the appellate court evaluated Petitioner's ineffective assistance of counsel

18  claim using the Strickland standard.  (Lodgement 12 at 1.)  See People v. Ledesma, 43 Cal. 3d 171,

19  215 (Cal. 1987) (applying Strickland standard to ineffective assistance of counsel claim).

20  Specifically, the appellate court found:

21      Ibanez has not shown counsels' performances were deficient or that he could have
        obtained a more favorable result absent counsels' purported errors.  By pleading guilty
22      Ibanez admitted every element of the charged offenses and waived any right to raise
        questions regarding the sufficiency of the evidence.  (People v. Gonzalez (1993)
23      Cal.App.4th 707, 714.)  According to appellate counsel's calculations, were Ibanez
        convicted of the charges, he could be sentenced to 55.3 years or 40.6 years in prison,
24      depending on the judge's choices at sentencing.  If Ibanez had been charged and
        convicted of possessing two shanks found in his jail cell during his prosecution for
25      robbery and assault, Ibanez would have faced a 25 years-to-life term.  Ibanez received
        the benefit of his plea bargain.
26

27  (Lodgement 12 at 1-2.)

28
    _____
        [4]  Petitioner also appealed to the California Supreme Court, where writ was summarily denied.  (Lodgement 4.)

*3. Discussion*

Petitioner claims his trial counsel, Weston and Rosenstock, and his appellate counsel, Crook, provided ineffective assistance of counsel.  (Petition, Part V, IV, III.)  Respondent contends the appellate court, in the last reasoned decision on the issue, correctly applied the Strickland standard and denied Petitioner's claim.  (Doc. 22 at 7-9.)  Furthermore, Respondent argues Petitioner is unable to establish the state court's rejection of his claim was unreasonable under 28 U.S.C. § 2254(d).  (Id.)

*a. Trial Counsel: Weston*

Petitioner contends Weston, trial counsel, provided him with ineffective assistance of trial counsel.  (Petition, Part V at 19.)  Specifically, Petitioner alleges Weston failed to: (1) "investigate the case" and present evidence proving Petitioner's innocence; (2) evaluate and report Petitioner's mental state prior to pleading guilty; and (3) record the plea bargain and to advise him of additional penalties applicable to foreign nationals upon pleading guilty.  (Id. at 20-21.)   Again, Respondent argues Petitioner is unable to establish the state court's rejection of his claim was unreasonable under 28 U.S.C. § 2254(d).

The standard for assessing claims asserting ineffective assistance of counsel in the context of a guilty plea is set forth in Hill v. Lockhart and Strickland.  See 474 U.S. 52 (1985).  In Hill v. Lockhart, the Supreme Court held in order to prove ineffective assistance of counsel where the petitioner pleaded guilty, the petitioner must make two showings.  Hill v. Lockhart, 474 U.S. 52 (1985).  First, Petitioner must prove counsel's errors were below a standard of reasonable competence.  Id.  Second, Petitioner must establish prejudice by showing that but for those errors, the defendant would not have pleaded guilty, but would have instead proceeded to trial.  Id.  Under Strickland, the Court need not address both prongs if the petitioner fails to make a sufficient showing of either one.  Strickland, 466 U.S. at 697.

Here, Petitioner fails to meet the competence prong of the Strickland standard.  Petitioner's claim Weston did not adequately investigate the possibility of his innocence prior to his guilty plea is foreclosed under Tollett v. Henderson, 411 U.S. 258, 267 (1973), which states, "when a

criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."   To the extent Petitioner claims Weston was ineffective for failing to evaluate his mental state and failing to memorialize a portion of the plea agreement involving a promise by the prosecution not to file charges in a separate case, Petitioner's claim fails because he did not make "a sufficient factual showing to substantiate the claims." Schaflander, 743 F.2d at 721.  Petitioner offers no tangible evidence to support he was mentally impaired at the time of his plea or that the prosecution's promise was part of the plea agreement.  (Petition, Part V at 20-21.)  Thus, Petitioner is unable to show counsel's alleged errors were below a standard of reasonable competence.  Accordingly, the Court finds the appellate court's decision was not an unreasonable application of clearly established federal precedent and RECOMMENDS the Petition be DENIED as to this ground for relief.

### b. Trial Counsel: Rosenstock

Petitioner alleges trial counsel, Rosenstock, provided ineffective assistance of counsel. (Petition, Part IV at 16.)  Rosenstock was appointed by the court to evaluate Petitioner's request to withdraw the guilty plea.  (Petition, Exhibit V at 28, 39.)  Counsel found no "legal basis for withdrawing of the plea."  (Petition, Exhibit V at 39.)  Petitioner claims counsel failed to: (1) make scheduled court appearances; (2) present evidence of the hand injury and suggestive photo lineup; and (3) inform the court of an alleged breach of plea agreement and additional penalties applying to foreign nationals.  (Petition, Part IV at 16-18.)  Respondent contends the Court of Appeal's decision was not objectively unreasonable in holding Petitioner failed to show counsel's deficiency and resulting prejudice.  (Doc. 22 at 9.)

Under the Strickland standard, to successfully prove ineffective assistance of counsel Petitioner must show *both* incompetence of counsel and prejudice caused by counsel's incompetence.  466 U.S. at 688.  Here, Petitioner only claims counsel was deficient and fails to assert any resulting prejudice required by Strickland.  Id.  (See Petition, Part IV at 16-18.)  Petitioner summarily states: "Trial counsel's performance fell below [] what the law of the land mandates."

(Petition, Part IV at 18; See Doc. 25 at 6-7.)  Although Petitioner claims his assertions and the evidence provided prove there is a "reasonable probability that counsel's deficient conduct affected the outcome of the case," he does not present support for his claim. "[V]ague and speculate assertions that [] trial counsel lacked professional competence," fails to meet the burden set forth in Strickland.  United States v. Taylor, 802 F.2d 1108, 1119 (9th Cir. 1986); See Strickland, 466 U.S. at 687.  Absent Petitioner's claim and proof of prejudice, this Court finds the Court of Appeal's rejection of Petitioner's claim did not result in an unreasonable application of clearly established federal law.  Therefore, this Court RECOMMENDS the Petition be DENIED as to this ground for relief.

   *c. Appellate Counsel: Crook*

   Petitioner claims appellate counsel, Crook, provided ineffective assistance counsel.  Specifically, Petitioner alleges appellate counsel "failed to amend the direct appeal with additional arguments" of ineffective assistance of trial counsel (Weston) and thus hindered his ability to meet the federal habeas claim exhaustion requirement.  (Petition, Part III at 14.)  Respondent argues Petitioner is unable to establish the state court's rejection of his claim was unreasonable under 28 U.S.C. § 2254(d).  (Doc. 22 at 7-9; Lodgement 12 at 1-2.)

   To prevail on an ineffective assistance of counsel claim premised on counsel's failure to present a claim on direct appeal, Petitioner must make two showings.  Petitioner must demonstrate: (1) the claim would have been meritorious if brought by counsel; and (2) but for counsel's substandard performance, the outcome of the trial would have been different.  Strickland, 466 U.S. at 687.

   Petitioner fails to demonstrate he received ineffective assistance of appellate counsel under the Strickland standard.  466 U.S. at 687; (See Petition, Part III at 14-15.)  Under Strickland, "a failure to raise untenable issues on appeal does not fall below the Strickland standard." Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002).  In a letter between appellate counsel and Petitioner, appellate counsel explained the medical records regarding his hand injury along with a police report indicating Petitioner could move his fingers despite wearing a cast.  (Petition, Exhibit IX(E).)  Appellate counsel further stated in light of the circumstances he could not make "a credible

1   argument that [Petitioner's] trial attorney gave [] ineffective assistance of counsel when he achieved

2   a plea bargain that [diminished] the sentence from the exposure [he] risked if [he] went to trial." (Id.)

3   Here, Petitioner does not suggest or present proof that the "ignored issues [were] clearly stronger

4   than those presented" by appellate counsel. Smith, 528 U.S. at 288 (citing Gray, 800 F.2d at 646).

5   Petitioner is unable to rebut the "strong presumption that counsel's conduct falls within a wide range

6   of reasonable professional assistance" Id. at 686-687

7        Finally, Petitioner fails to allege and prove "there is a reasonable probability that, but for

8   counsel's unprofessional errors, the result of the proceeding would have been different. Strickland,

9   466 U.S. at 687. (See Petition, Part III at 14-15.) Petitioner states generally: "[a]ppellate counsel's

10  performance in investigating or adequately amending the direct appeal was poor, below professional

11  standards." (Id.) However, Petitioner presents no evidence that had appellate counsel presented the

12  ineffective assistance of trial counsel (Weston) claim on direct appeal, the result of the proceeding

13  would have been different. (Id.) Furthermore, Petitioner fails to show counsel's alleged errors

14  prevented claim exhaustion for purposes of habeas corpus review. (See Lodgement 11 [Court of

15  Appeal]; Lodgement 16 [Supreme Court].) Rather, Petitioner's claims were presented and reviewed

16  on the merits by the Court of Appeal and denied by the California Supreme Court. (Lodgement 12

17  [Court of Appeal]; Lodgement 7 [Supreme Court].) Finally, Petitioner was not barred from bringing

18  his federal habeas corpus claims for failure to exhaust. (Petition7.)

19       Therefore, the Court finds the Court of Appeal's decision denying Petitioner's writ for

20  habeas corpus did not constitute an unreasonable application of the Strickland standard. Thus, the

21  Court RECOMMENDS the Petition be DENIED as to this ground for relief.

22  **D.    Restitution**

23       Petitioner contends the trial court's imposition of a $32,172.58 restitution fine violates his

24  Sixth and Eighth Amendment rights. (Petition, Part VI at 22-23, Exhibit 22.) Specifically,

25  Petitioner contends: (1) the fine was imposed despite insufficient showing of Petitioner's ability or

26  inability to pay; (2) Petitioner was not provided an opportunity to dispute the amount of restitution

27  to be paid; and (3) the fine constitutes an unauthorized sentence and jurisdictional

28  error—impermissible fact finding. (Id.) Respondent argues the Court of Appeal, in the last

1  reasoned decision on the matter, properly rejected Petitioner's claim and imposition of the fine did

2  not violate the Sixth and Eighth Amendments.  (Doc. 22 at 10; Lodgment 18 [Court of Appeal])

3        An application for a writ of habeas corpus may be granted "*only* on the ground that [the

4  petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28

5  U.S.C. § 2254(a) (emphasis added).  The Ninth Circuit has held federal inmates cannot challenge a

6  restitution order under 28 U.S.C. § 2255 because "restitution" does not affect the duration of

7  prisoner's custody.  See United States v. Theile, 314 F.3d 399, 400 (9th Cir. 2002) (holding that

8  "[c]laims or other types of relief, such as relief from a restitution order, cannot be brought in a §

9  2255 motion, whether or not the motion also contains cognizable claims for release from custody").

10 In Flores v. Hickman, 533 F. Supp.2d 1068, 1085 (C.D. Cal. 2008), the Court applied Theile to a

11 petition filed by state prisoner under 28 U.S.C. § 2254.

12       Petitioner's challenge to the trial court's imposition of a restitution fine does not present a

13 federally cognizable habeas claim because it does not relate to the lawfulness of his custody. See 28

14 U.S.C. § 2254(a); United States v. Theile, 314 F.3d 399, 401-02 (9th Cir. 2002).  Therefore, the

15 Court RECOMMENDS the Petition be DENIED as to Petitioner's sixth ground for relief.

16                                    **VI. CONCLUSION**

17       After thorough review of the record in this matter and based on the foregoing analysis, the

18 Court RECOMMENDS the Petition for Writ of Habeas Corpus be DENIED.  This Proposed

19 Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is

20 submitted to the United States District Court assigned to this case pursuant to the provisions of 28

21 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1        Any party may file written objections with the Court and serve a copy on all parties on or

2   before **September 28, 2009.**  The document should be captioned "Objections to Report and

3   Recommendation."  Any reply to the objections shall be served and filed **no later than ten days**

4   **upon receipt of the objections**.  The parties are advised that failure to file objections within the

5   specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>,

6   951 F.2d 1153 (9th Cir. 1991).

7        **IT IS SO ORDERED.**

8   DATED:  August 27, 2009

9

10           LOUISA S PORTER
        United States Magistrate Judge

11

12   cc:       The Honorable Roger T. Benitez
          all parties

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28