FILED

2010 JUL -2 AM 8:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR IBANEZ,<br><br>                Petitioner,<br>vs.<br><br>T. FELKER, Warden,<br><br>                Respondent. | CASE NO. 07cv1211 BEN (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DENYING PETITION** |

## INTRODUCTION

Petitioner Julio Cesar Ibanez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in San Diego Superior Court case number SCN152220. Magistrate Judge Louisa S. Porter issued a thoughtful and thorough Report and Recommendation recommending the Petition be denied. Dkt. No. 31. Ibanez filed objections. Dkt. No. 32. A district judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. §636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the petition is **DENIED**.

///

## BACKGROUND

The California Court of Appeal found the following:

> According to the victim, Greg Williams, on September 20, 2002, Ibanez stabbed Williams in a park in Vista. Williams and Ibanez had fought approximately six months earlier, and Williams believed Ibanez did not like him. Williams sustained a stab wound to the back and another in the pelvis. On September 22, a man identified as Ibanez demanded Pedro Nunez's wallet while holding a knife. Nunez yielded his wallet, and the man stabbed him in the back.

Despite Ibanez's objection, the Court presumes these facts are correct. Absent clear and convincing contrary evidence, the factual determinations of a state court are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1). Ibanez has not presented clear and convincing evidence that the state court's factual determinations were incorrect.

Ibanez plead guilty in San Diego Superior Court to robbery, assault with a deadly weapon, infliction of great bodily injury, and use of a deadly weapon. Ibanez admitted to one prior serious felony and one prior strike conviction. He was sentenced to 15 years. The judgment was affirmed by the California Court of Appeal, Fourth District and the California Supreme Court denied review on August 11, 2004. Ibanez pursued three rounds of state habeas petitions in the state courts challenging his conviction based on ineffective assistance of counsel, new evidence, and an illegal plea agreement.

## DISCUSSION

Ibanez asserts six ground for relief: (1) his plea agreement was illegal under California Penal Code § 1192.7; (2) ineffective assistance of counsel by his trial attorney, Weston; (3) ineffective assistance of counsel by his counsel investigating withdrawal of his plea, Rosenstock; (4) ineffective assistance of counsel by his appellate counsel, Crook; (5) new evidence showing injuries to his hand proves he could not have committed the crimes and new evidence indicates a suggestive photo lineup was used; and (6) the restitution ordered violated his Sixth and Eight Amendment rights.

As accurately outlined in the Report, federal habeas relief may only be granted when State court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

I.  **Guilty Plea**

Ibanez objects to the Report's finding that his challenge to his guilty plea is procedurally barred. Ibanez argues that his guilty plea was illegal under California Penal Code § 1192.7 resulting in a denial of his due process rights. Section 1192.7 prohibits approval of a plea bargain when a serious felony is charged unless one of three exceptions is met. However, Ibanez did not raise this issue before the trial court. The Court of Appeals specifically rejected the claim on that basis, finding he could not "raise the issue for the first time on appeal."

"[W]hen a state court decline[s] to address a prisoner's federal claim because the prisoner . . . failed to meet a state procedural requirement, those claims are barred." *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). And, where the state court "clearly and expressly" bases its judgment on a state procedural bar, a federal habeas court may not evaluate the merits of the claim. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The last reasoned state court decision addressed Ibanez's claim under section 1192.7 and found it was barred because he did not raise the issue in the trial court. The state court specifically found Ibanez could not raise the issue for the first time on appeal and relied on *People v. Brawley*, 1 Cal. 3d 277, 294 (1969) and *People v. Webb*, 186 Cal. App. 3d 401, 410 (1986). *Brawley*, 1 Cal. 3d at 294 (finding "it is an elementary rule that ordinarily matters not presented to the trial court . . . will not be considered on appeal"); *Webb*, 186 Cal. App. 3d at 410 (finding numerous reasons a defendant cannot raise section 1192.7 on appeal "after entering into a plea bargain and failing to raise the question before the trial court"). The state court decision rests on a state procedural bar.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Ibanez has not demonstrated cause for the default, actual prejudice attributable to it, or that failure to consider the federal claim would result in a fundamental miscarriage of justice. The Court adopts the Report's recommendation that this claim for relief be denied.

II. **Ineffective Assistance of Counsel**

Ibanez claims ineffective assistance of counsel by Weston, his trial counsel, Rosenstock, counsel appointed to evaluate Ibanez's requests to withdraw his plea, and Crook, his appellate counsel. Under *Strickland v. Washington*, to justify issuance of the writ of habeas corpus, Ibanez must show incompetence of counsel and prejudice caused by counsel's incompetence. 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable profession assistance" and judicial scrutiny of consel's performance is highly deferential. *Id.* at 689. This Court must also defer to the state court's findings of fact made in deciding an ineffectiveness claim. *Id.* at 698.

A. **Weston**

Weston was Ibanez's trial counsel. Ibanez challenges Weston's investigation of his case prior to his guilty plea and Weston's failure to inquire into Ibanez's mental status the day he entered his plea. Ibanez must show Weston's representation fell below a standard of reasonable competence and establish it was prejudicial by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).

Ibanez's claims fail because he provides no support to substantiate his general assertions that he was somehow impaired because of the facility he was housed within prior to pleading guilty. Failing to inquire into a still unknown alleged mental impairment does not fall below reasonable competence. Ibanez has also failed to show prejudice; that he would have forgone the plea and gone to trial, facing 50 years in prison, rather than plead guilty and face fifteen but for Weston's counsel.

The Court of Appeals finding that Ibanez did not show counsel's performance was deficient or that he could have obtained a better result absent the alleged errors did not result in an unreasonable application of clearly established federal law.

B. **Rosenstock**

Rosenstock was appointed by the state court to evaluate Ibanez's request to withdraw his guilty plea. Rosenstock found no basis for withdrawing the plea. Ibanez claims Rosenstock did not make scheduled court appearances, did not present evidence of Ibanez's hand injury and suggestive photo

1  line up and did not inform the court of an alleged breach of the plea agreement. These claims all fail
2  because even if the conduct alleged was incompetent, Ibanez has not identified any resulting prejudice.
3  *Strickland,* 466 U.S. at 687 (Petitioner must show both incompetence of counsel and prejudice caused
4  by the incompetence). Ibanez speculates that there is a reasonable probability that counsel's conduct
5  affected the outcome, but fails to support this general assertion. *United States v. Taylor,* 802 F.2d
6  1108, 1119 (9th Cir. 1986) (finding "vague and speculative assertions" insufficient to meet defendant's
7  burden under *Strickland*); *see also Strickland,* 466 U.S. at 690.
8       The Court of Appeals rejection of Ibanez's ineffective assistance of counsel claim as to Weston
9  did not result in an unreasonable application of clearly established federal law.
10      **C.   Crook**
11      Crook was Ibanez's appellate counsel. Ibanez claims Crook failed to amend the direct appeal
12 to include a claim for ineffective assistance of counsel by Weston, hindering Ibanez's ability to exhaust
13 his claims.
14      Ibanez's claim fails because he does not demonstrate the excluded claim would have been
15 meritorious if brought by Crook and that but for a substandard performance the outcome would have
16 been different. *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Strickland,* 466 U.S. at 687; *Turner v.*
17 *Calderon,* 281 F.3d 851, 872 (9th Cir. 2002) (failing to raise untenable issues on appeal complies with
18 *Strickland.*). As Crook explained to Ibanez and the Court of Appeals found in its decision, Ibanez
19 could have received 40.6-55.3 years in prison had he rejected the plea bargain's 15 year sentence and
20 gone to trial.
21      Additionally, Ibanez has not shown that the Weston ineffective assistance of counsel claim,
22 was "clearly stronger than those presented" or that he would have prevailed on appeal if it had been
23 presented. *Robbins,* 528 U.S. at 285, 288 (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)).
24 Ibanez has not demonstrated that if the ineffective assistance of counsel claim about Weston had been
25 asserted on direct appeal, the result would have been different, particularly with regard to exhaustion
26 as Ibanez's did exhaust this claim.
27      The Court adopts the Report's recommendation that Ibanez's ineffective assistance of counsel
28 claims for relief be denied.

### III. New Evidence

Ibanez claims that new evidence proves that he could not have committed the stabbing because his hand was injured the day before the stabbing and that the photo line up used to identify Ibanez was impermissibly suggestive. The Court of Appeal found neither piece of evidence was new and the guilty plea obviated the need to establish he committed the crime charged.

By pleading guilty, Ibanez has "forego[ne] not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). He is precluded from raising independent claims "relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Ibanez objects to the Report's findings on this point, arguing that his guilty plea does not bar these claims because the plea agreement was itself illegal. However, as previously discussed, Ibanez failed to show his plea agreement was illegal under section 1192.7 or that Weston's counsel as to the plea agreement was ineffective. The Court adopts the Report's recommendation that this claim for relief be denied.

### IV. Restitution

Ibanez challenges the amount of restitution he was ordered to pay, claiming that the sentencing Judge imposed the restitution without considering his ability to pay. The Court of Appeals rejected the claim. The Report accurately finds that a writ of habeas corpus may be granted "only on the ground that [Ibanez] is in *custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A claim concerning restitution does not relate to the lawfulness of his custody. The Court adopts the Report's recommendation that this claim for relief be denied.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

///

///

When a petitioner's claims have been denied on their merits, as here, a petitioner can meet the threshold "substantial showing of the denial of a constitutional right," by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880 (1983)). The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason, the Court could not resolve the issues in a different manner, and there are no questions adequate to deserve encouragement.

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Porter's Report. Ibanez is not entitled to habeas relief and his Petition is **DENIED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: 7/1/2010

Hon. Roger T. Benitez
United States District Judge